# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

NORMAN HAMPTON, III,

    Plaintiff,

v.

MATT PEEPLES; APRIL HODGES; BRAD HOOKS; STANLEY WILLIAMS; EYVETTE COOK; CARL FOUST; DEBRA MCCLOUD; and NANCY GARRETT,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-104

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Plaintiff was informed his claims appeared to be unrelated and was directed to advise the Court about which related claims he wished to pursue in this cause of action. (Doc. 9.) Plaintiff responded to the Court's Order. (Doc. 10.) Plaintiff was again informed his claims did not appear to be related and was once again directed to advise the Court as to which claims he wished to pursue. (Doc. 14.) Plaintiff responded to this Order. (Doc. 15.) The undersigned has conducted an initial review of Plaintiff's Complaint, and his responses to this Court's Orders, as required by 28 U.S.C. § 1915A.[1] For the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's conspiracy, retaliation, and supervisory

---

[1] Plaintiff states he has provided the Court with a sufficient response to this Court's Orders. The undersigned disagrees with Plaintiff's assessment of the sufficiency of his responses to the Court's Orders. However, rather than informing Plaintiff once again that his claims are unrelated and directing him to advise the Court as to which claim he wished to pursue, the undersigned has conducted the requisite frivolity review of Plaintiff's claims. It is evident Plaintiff did not fully grasp the requirements of this Court's previous Orders.

liability claims be **DISMISSED**. The undersigned also **RECOMMENDS** that April Hodges, Brad Hooks, Stanley Williams, Eyvette Cook, Carl Foust, Debra McCloud, and Nancy Garrett be **DISMISSED** as named Defendants. The undersigned **ORDERS** a copy of this Order and Documents Numbered 1, 10, and 15 be served upon Defendant Matt Peeples. The Court provides additional instructions to Plaintiff and Defendant Peeples pertaining to the future litigation of this action, which the parties are urged to read and follow.

## STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. However, in determining compliance, the Court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

In addition, the Court is guided by the Eleventh Circuit Court of Appeals' opinion in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In Mitchell, the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at Section 1915A(b). As the language of Section 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil

Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to the initial review of prisoner complaints under Section 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted Section 1915(e), its interpretation guides this Court in applying the identical language of Section 1915A.

A dismissal pursuant to Section 1915A (b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Jones v. Bock, 549 U.S. 199, 215 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Defendant Peeples, who was formerly an officer at Rogers State Prison, assaulted him and used a racial epithet against him. Plaintiff asserts Defendant Peeples' assault caused injuries to his neck and shoulder. Plaintiff alleges Defendant Hodges knowingly entered fraudulent data into the computer system concerning his history of violence, including information about the incident with Defendant Peeples, in violation of Georgia Department of Corrections' policy. According to Plaintiff, it is "very clear" Defendant Hodges "orchestrated [a] conspiracy" against him. (Doc. 1, p. 8.) Plaintiff alleges that Defendants Hooks and

Williams, the Wardens at Rogers and Smith State Prisons, respectively, arranged to have Plaintiff transferred to Smith State Prison based on the fraudulent information Defendant Hodges entered into the computer system, even though these two (2) Defendants knew the information Defendant Hodges placed in the system about him was false. According to Plaintiff, Defendant Hooks conspired with Defendant Hodges regarding the fraudulent information she entered about Plaintiff. (Doc. 15, p. 4.) Plaintiff also alleges that this transfer was a retaliatory transfer and was done against policy. Plaintiff asserts that Defendants Cook, Foust, McCloud, and McGarrett, all of whom are counselors at Smith State Prison, have failed to change the erroneous information in his file, in violation of the criminal laws for the State of Georgia. Plaintiff also asserts that Defendants Cook, Foust, McCloud, and McGarrett have rejected his grievances. Plaintiff contends that he has been in lockdown status for over a year based on retaliatory motives of the Defendants, which has caused him psychological torture. (Id. at p. 6.)

## DISCUSSION

Plaintiff's allegations implicate numerous theories of liability, and the undersigned addresses each of these in turn. This Court accepts Plaintiff's non-conclusory factual allegations as true, as it must at this stage.[2]

**I. Conspiracy**

A conspiracy to violate another person's constitutional rights violates Section 1983. "To establish a prima facie case of [a S]ection 1983 conspiracy, a plaintiff must show, among other things, that defendants '"reached an understanding to violate [his] rights."' Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854 F.2d 421,

---

[2] It is unclear whether Plaintiff intends to sue Defendants in both their official and individual capacities. Given Plaintiff's failure to specify, the Court presumes Plaintiff intended to sue Defendants in only their individual capacities.

4

425 (11th Cir. 1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants. Id. at 1283–84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., 956 F.2d 1112, 1122 (11th Cir. 1992). "[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Here, Plaintiff makes rather conclusory statements that Defendants conspired together to violate his constitutional rights. Plaintiff's filings fail to set forth any facts which indicate Defendants agreed in any manner to violate his constitutional rights. Instead, Plaintiff attempts to establish evidence of a conspiracy among Defendants by stating, as examples, that Defendant Hodges used to work with Defendants Cook, Foust, McCloud, and McGarrett and that it is "very clear" Defendant Hodges "orchestrated [a] conspiracy against him." (Doc. 15, p. 4.) However, Plaintiff makes no assertions which reveal it is plausible Defendants conspired against him to violate his constitutional rights. Plaintiff's conspiracy claims should, therefore, be **dismissed**.

## II.    Retaliation

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." See, e.g., Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct

5

would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff has failed to set forth facts which indicate he was exercising his constitutional right to speech, and Defendants' actions were in response to this exercise. Instead, Plaintiff makes the allegation that Defendant Peeples was fired because he assaulted Plaintiff, and Defendants retaliated against Plaintiff after Defendant Peeples was fired. Plaintiff fails to set forth a viable retaliation claim against any of the Defendants. Plaintiff's First Amendment retaliation claims should be **dismissed**.

### III.   Supervisory Liability

In Section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff wishes to hold Defendant Hooks liable, at least in part, based on his supervisory position as Warden at Rogers State Prison. Specifically, Plaintiff states Defendant Hooks was the Warden at Rogers State Prison on the date Defendant Peeples purportedly assaulted him. This is an insufficient basis for liability under Section 1983. Any supervisory liability claims against Defendant Hooks should be **dismissed**.

## IV. Excessive Force

However, it is a well-settled principle that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment" in violation of the Eighth Amendment. Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513 (11th Cir. 2013). Plaintiff has stated a plausible claim that Defendant Peeples violated this principle with his allegation that Defendant Peeples assaulted him and caused injury. Consequently, Plaintiff sets forth a colorable claim for relief under the Eighth Amendment, and this claim should survive the frivolity review

## CONCLUSION

These allegations, when read in a light most favorable to the Plaintiff, arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendant Peeples based on Plaintiff's allegations of an Eighth Amendment violation. A copy of this Order and Documents Numbered 1, 10, and 15 shall be served upon Defendant Peeples by the United States Marshal without prepayment of cost.

It is my **RECOMMENDATION** that Plaintiff's conspiracy, retaliation, and supervisory liability claims be **DISMISSED**. It is also my **RECOMMENDATION** that April Hodges, Brad Hooks, Stanley Williams, Eyvette Cook, Carl Foust, Debra McCloud, and Nancy Garrett be **DISMISSED** as named Defendants.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

Plaintiff is advised he is responsible for providing a proper address for Defendant Peeples so that he may be served with this Order and his Complaint. Plaintiff's failure to do so in a timely manner may result in the dismissal of this cause of action.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual

and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct

copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff

proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is

11

incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING
MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual

assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA