# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| NORMAN HAMPTON, III, | * | |
| Plaintiff, | * | |
| v. | * | CV 614-104 |
| MATT PEEPLES, APRIL HODGES, BRAD HOOKS, STANLEY WILLIAMS, EYVETTE COOK, CARL FOUST, DEBRA MCCLOUD, and NANCY GARRETT, | * | |
| Defendants. | * | |

## O R D E R

Presently before the Court is Plaintiff Norman Hampton, III's objection to the Magistrate Judge's denial of his second motion to appoint counsel. (Doc. 26.) For the following reasons, Mr. Hampton's objection is **OVERRULED**.

On December 22, 2014, even before the Magistrate Judge engaged in the required frivolity review, Mr. Hampton sought the appointment of counsel to assist him in litigating his 42 U.S.C. § 1983 claims (Doc. 11), which arise out of an alleged assault by Defendant Peeples and subsequent retaliatory acts and omissions by various prison officials that resulted in Mr. Hampton's transfer to lockdown at Smith State Prison. Given the procedural posture of the case and the absence of any showing of exceptional circumstances, the Magistrate Judge denied Mr. Hampton's motion without prejudice. (Doc. 13.) Mr. Hampton renewed his motion to appoint counsel on June 11, 2015 on the same grounds argued in his

first motion. (Doc. 22.) The Magistrate Judge again denied the motion, explaining that Mr. Hampton "ha[d] not shown . . . that circumstances ha[d] changed . . . in any manner that would warrant the Court revisiting [its previous] decision." (Doc. 24.) Now, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), Mr. Hampton argues that the Magistrate Judge erred as a matter of law in again concluding that, at this juncture, no exceptional circumstances warrant appointment of counsel.

A district court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-139, 2013 WL 3863889, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

Mr. Hampton argues, as in his first and second motions, that he has an "exceptional need" for appointed counsel because (1) he

2

cannot obtain "facts and legal documents of the official files of the Georgia Department of Corrections" ("DOC") as an inmate (Doc. 26 at 2); (2) he cannot obtain "classified official documents" of the DOC as an inmate, specifically those related to the July 23, 2013 assault incident about which he complains (id. at 2-3); (3) as an inmate, he cannot obtain the "personal information" of DOC employees (id. at 4); and (4) he cannot subpoena a chiropractic expert to give an opinion on the severity of his injuries (id. at 5). He further expresses that Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985), as cited by the Magistrate Judge, "does not substantiate a denial" of his motion for appointment of counsel. (Doc. 26 at 6-7.) Instead, he urges the Court to follow the reasoning in Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993)(vacating summary judgment and remanding to the district court to reconsider prisoner's request for appointment of counsel because the magistrate judge applied the incorrect standard for appointment of counsel and offered no other reasons for its denial of the request, but noting that "incarceration may have limited [the prisoner's] ability to engage in factual investigation"); Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)(concluding that the district court abused its discretion in failing to appoint substitute counsel because it was "apparent from the record that the demands of self-representation exceeded [the prisoner's] abilities" in that he (1) was not allowed to use a typewriter, computer, telephone, or copy machine and was forbidden access to

3

the prison's law library because of his assignment to the prison's "adjustment center"; (2) mistakenly believed he was forbidden by state law from obtaining correctional agency files; and (3) failed to offer any testimony or other evidence against two of the named defendants at trial); and Maclin v. Freake, 650 F.2d 885 (7th Cir. 1981)(per curiam)(concluding the district court should have granted prisoner's request for appointed counsel because, as a paraplegic confined to a wheelchair and in constant pain, he was "in no position to investigate facts germane to his complaint" and did not demonstrate "a workable knowledge of the legal process"), abrogated by Farmer v. Haas, 990 F.2d 319, 321-22 (7th Cir. 1993).

The Court cannot find, based on Mr. Hampton's arguments, that the Magistrate Judge committed clear error or otherwise misapplied the law. Appointment of counsel in a civil case is not a constitutional right. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)), cert. denied sub nom., 135 S. Ct. 875 (2014). Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision. Id. (citation omitted). "It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl, 773 F.2d at 1174). "The key

4

is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

First, in reviewing Mr. Hampton's second request for appointed counsel, which contains nearly identical language to his first request but for the addition of case citations, the Magistrate Judge concluded that Mr. Hampton had not demonstrated any change in circumstances that would warrant reconsideration of its first decision to deny appointment of counsel. Based on this Court's review of the content of Mr. Hampton's motions and the unchanged procedural posture of the case — awaiting completion of the frivolity review process — the Magistrate Judge's observation was correct. This Court could not come to any different conclusion about "unchanged circumstances."

Second, to the extent Mr. Hampton argues that his circumstances nevertheless are "exceptional" and the Magistrate Judge misapplied the law in finding the opposite, the Court again finds no error. Although the Magistrate Judge did not provide detailed reasons for its denial of Mr. Hampton request for counsel, this Court notes that prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated. Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel

5

in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances. Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015) (finding the district court did not abuse its discretion when it denied prisoner's motions to appoint counsel in class action he filed against the Florida Department of Corrections about inmates' exposure to cold weather and rain without adequate clothing and bedding); Wright, 562 F. App'x at 777 (affirming district court's finding that no exceptional circumstances warranted appointment of counsel in prisoner's § 1983 action against jail officer for excessive force and doctor for deliberate indifference); Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013) (finding the district court did not abuse its discretion by denying prisoner's motions to appoint counsel in § 1983 suit against correctional facility employees and medical personnel for their purported failure to provide proper medical care either before or after an incident in which prisoner fell from his bunk); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (affirming district court's finding that no exceptional circumstances warranted appointment of counsel in prisoner's § 1983 action against director of nursing at jail for deliberate indifference to his HIV status); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010)(affirming district court's finding that no exceptional circumstances warranted appointment of counsel in prisoner's § 1983 action against prison doctors for deliberate indifference to his serious

medical needs related to prostate cancer); Fowler, 899 F.2d at 1091, 1096 (finding suit for alleged infringement of inmate's constitutional right to practice religion and for retaliation for practice of religion did not present exceptional circumstances justifying appointment of counsel); Wahl, 773 F.2d at 1174 (finding prisoner failed to show the existence of exceptional circumstances in § 1983 action against Florida circuit court judges, county public defender, state attorney, county sheriff, administrative head of county jail, and county commissioners for various improprieties in the handling of his criminal case and unconstitutional jail conditions because "[t]he essential facts and legal doctrines were ascertainable without the assistance of court-appointed counsel").

Moreover, unlike the above-cited precedent, the cases on which Mr. Hampton relies are not binding. Even if the facts of Tabron, Rayes, and Maclin are analogous as Mr. Hampton claims, these cases are hardly persuasive: this Court's independent review reveals that not a single case decided by *any* court within this circuit has cited Tabron, Rayes, and Maclin in relation to assessing whether the "exceptional circumstances" test has been met.

Finally, as demonstrated by the quality of Mr. Hampton's motions to appoint counsel and the instant objection — which include appropriate citations to legal authority, identify specific pieces of evidence and DOC policies that may support his claims, and evidence Mr. Hampton's ability to factually distinguish legal

7

precedent — Mr. Hampton appears to understand the fundamental issues in his case and to be capable of representing himself adequately at this time.

For these reasons, the Court **OVERRULES** Mr. Hampton's objection to the Magistrate Judge's denial of his second motion to appoint counsel. (Doc. 26.) Mr. Hampton's claims would no doubt be easier to prosecute with the assistance of an attorney, but the same is true for virtually all litigants who proceed *pro se*. The Magistrate Judge committed no error.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_7th\_\_\_ day of July, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA