IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| NORMAN HAMPTON, III,<br><br>Plaintiff,<br><br>v.<br><br>MATT PEEPLES; APRIL HODGES; BRAD HOOKS; STANLEY WILLIAMS; EYVETTE COOK; CARL FOUST; DEBRA MCCLOUD; and NANCY GARRETT,<br><br>Defendants. | CIVIL ACTION NO.: 6:14-cv-104 |

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated June 8, 2015. (Doc. 19.) After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections and **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein. Accordingly, Plaintiff's conspiracy, retaliation, and supervisory liability claims are **DISMISSED**. In addition, the Court **DISMISSES** April Hodges, Brad Hooks, Stanley Williams, Eyvette Cook, Carl Foust, Debra McCloud, and Nancy Garrett as named Defendants. By this Order, the Court also issues, as set forth below, rulings on matters Plaintiff filed after the Magistrate Judge issued his Report.

I.   **Background**

In his Complaint, as amended, Plaintiff alleged Defendant Peeples, who was formerly a counselor at Rogers State Prison, assaulted him and used a racial epithet against him. Plaintiff asserted Defendant Peeples' assault caused injuries to his neck and shoulder. Plaintiff alleged

Defendant Hodges knowingly entered fraudulent data into the computer system concerning his history of violence, including information about the incident with Defendant Peeples, in violation of Georgia Department of Corrections' policy. According to Plaintiff, it is "very clear" Defendant Hodges "orchestrated [a] conspiracy" against him. (Doc. 1, p. 8.) Plaintiff alleged that Defendants Hooks and Williams, the Wardens at Rogers and Smith State Prisons, respectively, arranged to have Plaintiff transferred to Smith State Prison based on the fraudulent information Defendant Hodges entered into the computer system, even though these two (2) Defendants knew the information Defendant Hodges placed in the system about him was false. According to Plaintiff, Defendant Hooks conspired with Defendant Hodges regarding the fraudulent information she entered about Plaintiff. (Doc. 15, p. 4.) Plaintiff also alleged that this transfer was a retaliatory transfer and was done against policy. Plaintiff asserted that Defendants Cook, Foust, McCloud, and McGarrett, all of whom are counselors at Smith State Prison, have failed to change the erroneous information in his file, in violation of the criminal laws for the State of Georgia. Plaintiff contended that he has been in lockdown status for over a year based on retaliatory motives of the Defendants, which has caused him psychological torture. (Id. at p. 6.)

The Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint, as amended. The Magistrate Judge determined Plaintiff failed to set forth sufficient facts indicating Defendants conspired together to violate his constitutional rights. (Doc. 19, pp. 4–5.) The Magistrate Judge also determined Plaintiff failed to set forth any facts indicating he exercised his First Amendment rights or that, as a result, Defendants retaliated against him. (Id. at pp. 5–6.) Finally, the Magistrate Judge determined Plaintiff could not hold Brad Hooks, the Warden at Rogers State Prison, liable for any constitutional violations of Hooks' subordinate based on his

supervisory position. (Id. at pp. 6–7.) However, the Magistrate Judge found Plaintiff set forth a viable Eighth Amendment claim against Defendant Peeples based on the assertion Defendant Peeples assaulted him and called him a racial epithet, and the Magistrate Judge ordered service of Plaintiff's Complaint on Defendant Peeples. (Id. at p. 7.) Plaintiff objected to the Magistrate Judge's recommended dismissals, as well as the Magistrate Judge's service of his Complaint on Defendant Peeples. (Doc. 23.) The Court now addresses Plaintiff's Objections.

## II. Plaintiff's Objections

### A. Conspiracy

Plaintiff contends he "detailed conclusive facts" "to arouse a conscience of conspiracy between the [D]efendants against the Plaintiff[.]" (Doc. 23, p. 2.) Plaintiff asserts the Magistrate Judge neglected to address his contentions that two counselors witnessed Defendant Peeples' assault, and these two counselors have proof that his records were falsified. According to Plaintiff, his witnesses can provide testimony that "this whole ordeal as being a deliberate and planned concert act of conspiracy and willful and wonton[sic] misconduct against" him by Defendants. (Id. at p. 3.)

As the Magistrate Judge concluded, Plaintiff fails to set forth sufficient facts which make it plausible the named Defendants reached an agreement to violate Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Instead, Plaintiff does nothing more than "string together" his various conclusory allegations in an effort to state a viable conspiracy claim against Defendants. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). These attempts fall short of stating a plausible claim on which relief can be granted.

3

Therefore, the Court **OVERRULES** Plaintiff's Objection regarding the Magistrate Judge's conspiracy conclusions.

### B. Service

Next, Plaintiff contends the Magistrate Judge erred in directing service of his Complaint upon Matt Peeples. Plaintiff alleges Defendant Peeples is not the liable party since he is no longer employed by the Georgia Department of Corrections. Instead, Plaintiff contends the Georgia Department of Corrections is the proper entity upon which his Complaint should have been served. Plaintiff maintains the Magistrate Judge's "'deceitful aim' is to place Plaintiff's recovery resource in a state where Plaintiff has no recovery party liable for his punitive and compensatory collections, using Matt Peeples as a decoy to annihilate my chances of collecting punitive and compensatory damages[.]" (Doc. 23, p. 6.)

A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes this department from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Thus, Plaintiff's putative claims against the Georgia Department of Corrections would be dismissed. Plaintiff's concern that he will not be able to ultimately recover from a party who is no longer employed by the Department of Corrections is of no consequence. This Court's function in reviewing a Section 1983 complaint is to determine the legally viable defendants against whom the prisoner-plaintiff has set forth facts sufficient to indicate his constitutional rights were violated. The

Court must make this judgment irrespective of a plaintiff's likelihood of recovery in the event of a judgment in the plaintiff's favor. For these reasons, the Court **OVERRULES** Plaintiff's Objection to the Magistrate Judge's conclusions on service of the Complaint.[1]

C.  **Assertion not Addressed in the Magistrate Judge's Report**

Plaintiff maintains the Magistrate Judge did not address his contention Defendant Peeples called him a racially derogatory term on one occasion. (Doc. 23, p. 7.) To the extent Plaintiff wishes Defendant Peeples' alleged racial epithet to form the basis of a separate cause of action, he cannot do so. Defendant Peeples' alleged racial comments, "while undoubtedly offensive and inappropriate, cannot form the basis of a § 1983 claim." See Evans v. City of Zebulon, Ga., 351 F.3d 485, 495–96 (11th Cir. 2003), *vacated by* 364 F.3d 1298 (11th Cir. 2004), *rehearing en banc granted on other grounds*, Evans v. Stephens, 407 F.3d 1272 (11th Cir. 2005); Kelly v. Rice, 375 F. Supp.2d 203, 209–10 (S.D.N.Y. 2005) ("'the use of [vile] language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.'") (citation omitted); Haussman v. Fergus, 894 F. Supp. 142, 149 (S.D.N.Y. 1995); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986); Wright v. Santoro, 714 F. Supp. 665, 666–67 (S.D.N.Y. 1989) ("'discriminatory statements reflecting racial prejudice not actionable under § 1983 where not shown to be connected with physical injury.'") (citation omitted), *aff'd*, 891 F.2d 278 (2d Cir. 1989); see also Brand v. Hamilton, No. 3:10CV377 LAC MD, 2010 WL 4973358, at *5 (N.D. Fla. Oct. 27, 2010), *report and recommendation adopted*, No. 3:10CV377 LAC MD, 2010 WL 4955400 (N.D. Fla. Dec. 1, 2010). Instead, as the Magistrate Judge correctly inferred, this allegation is part and parcel of Plaintiff's viable Eighth Amendment claim. Thus, the Court **OVERRULES** this Objection.

---

[1] Should Plaintiff persist in his assertion that the Georgia Department of Corrections is the only proper party to serve, he may so notify the Court. The Court will then dismiss Defendant Peeples and close Plaintiff's case, as he will fail to set forth a viable Section 1983 claim against a proper party.

### D. Proper Address for Defendant Peeples

Finally, Plaintiff notes that the Magistrate Judge directed him to provide the Court with a proper address for Defendant Peeples so that he may be served with a copy of Plaintiff's Complaint. Plaintiff avers this directive is fraudulent because Defendant Peeples is "a no longer involved defendant" in this case. (Id. at p. 8.) As stated above, Defendant Peeples is the properly named Defendant in this case. Thus, this Objection, too, is **OVERRULED**.

In addition, the Court observes that Defendant Peeples has not been served with a copy of Plaintiff's Complaint. (Doc. 25) (notification of returned mail addressed to Matt Peeples at Rogers State Prison). As Plaintiff is aware, he has the responsibility of ensuring that this Court has the proper address so that Defendant Peeples may be served. (Doc. 19, p. 8) ("Plaintiff is advised he is responsible for providing a proper address for Defendant Peeples so that he may be served with this Order and his Complaint. Plaintiff's failure to do so in a timely manner may result in the dismissal of this cause of action.") Accordingly, Plaintiff is **DIRECTED** to provide this Court with a proper address for Defendant Peeples so that he can be served with a copy of Plaintiff's Complaint **within fourteen days of the date of this Order**. Plaintiff's failure to do so or to otherwise show good cause as to why he cannot follow this Court's directives shall result in the dismissal of this cause of action.

## III. Plaintiff's Motion for Copies (Doc. 27)

Plaintiff has filed a Motion for Copies and requests that the Clerk of Court provide him with copies of Documents Numbered 11, 12, 15, 16, 23, and 24. (Doc. 27.) This Motion is **GRANTED**. The Clerk of Court is directed to provide Plaintiff with copies of his requested documents at a cost of $0.50 per page, to be charged to Plaintiff's inmate account.

## IV. Motion for Injunctive Relief (Doc. 28)

By this Motion, Plaintiff seeks to be transferred to another prison. To be entitled to injunctive relief, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims. The placement of prisoners is at the sole discretion of the Department of Corrections. See Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, Plaintiff's Motion for Injunctive Relief is **DENIED**.

## V. Motion for Out of Time Appeal/Reconsideration (Doc. 40)

Plaintiff also has filed a Motion for Out of Time Appeal-Reconsideration-Certiorari. Plaintiff wishes to have this Court grant him an "out of time-appeal writ of certiorari" regarding the Eleventh Circuit Court of Appeals' mandate. (Doc. 40, p. 1.) Plaintiff's Motion is **DISMISSED**. Should Plaintiff wish to appeal the Eleventh Circuit's judgment, the appropriate court in which to do so is the United States Supreme Court. To the extent Plaintiff seeks reconsideration of the Eleventh Circuit's judgment, the appropriate course is to file a motion for reconsideration with the Eleventh Circuit.

## VI. Motions for Status (Docs. 43, 44)

Finally, Plaintiff filed two Motions for Status, and both of these Motions concern the status of Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Docs. 43, 44.) Because the Court has now ruled on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, Plaintiff's Motions are **DISMISSED as moot**.

## VII. Conclusion

Plaintiff's Objections are **OVERRULED**. The Court **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein. Accordingly, the Court **DISMISSES** Plaintiff's conspiracy, retaliation, and supervisory liability claims. Also, the Court **DISMISSES** April Hodges, Brad Hooks, Stanley Williams, Eyvette Cook, Carl Foust, Debra McCloud, and Nancy Garrett as named Defendants. In addition, the Court **GRANTS** Plaintiff's Motion for Copies, (doc. 27); **DENIES** Plaintiff's Motion for Injunctive Relief, (doc. 28); **DISMISSES** Plaintiff's Motion for Out of Time Appeal, (doc. 40); and **DISMISSES as moot** Plaintiff's Motions for Status, (docs. 43, 44).

**SO ORDERED**, this ____ day of January, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA