IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NORMAN HAMPTON, III,

    Plaintiff,

v.

MATT PEEPLES,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-104

## ORDER

Presently before the Court are Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*, (doc. 48), and Motion for a Certificate of Appealability, (doc. 49). Plaintiff seeks to appeal this Court's January 12, 2016, Order, (doc. 46), wherein the Court adopted the Magistrate Judge's Report and Recommendation and dismissed some of Plaintiff's claims, as well as some Defendants. For the reasons set forth below, the Court **DENIES** Plaintiff's Motions.

As for Plaintiff's request to proceed *in forma pauperis* on appeal, an appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in

good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the lengthy analyses of Plaintiff's claims contained in the Magistrate Judge's Report and Recommendation, (doc. 19), and the Court's Order adopting the same, (doc. 46), there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis* on appeal.

As for Plaintiff's request for a certificate of appealability, to the extent he makes this request pursuant to 28 U.S.C. § 2253(c)(1), the request is due to be denied as moot as that statutory provision only applies to habeas proceedings. To the extent that Plaintiff is requesting a certification of interlocutory appeal, that request is also denied. The authority to certify an interlocutory appeal is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation. White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). To be granted permission for an interlocutory appeal under 28 U.S.C. § 1292(b), the party wishing to appeal must demonstrate that there is a "controlling question of law as to which there is substantial ground for difference of opinion" and that resolution of issue will "materially advance the ultimate termination of the litigation."

In this context, "a question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wis., 604 F. Supp. 616, 620 (E.D. Wis. 1985). A party does not establish that there is substantial ground for difference of opinion by merely claiming that the district court's conclusion was incorrect. Wausau Business Ins. Co. v. Turner Const. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Further, the mere lack of authority as to a disputed issue "does not

necessarily establish a substantial ground for difference of opinion" warranting interlocutory review. Fed. Deposit Ins. Corp., 604 F. Supp. at 620 (citing United States ex rel. Hollander v. Clay, 420 F. Supp. 853, 859 (D.D.C. 1976)). Finally, whether an interlocutory appeal will materially advance the termination of the case turns on whether the appeal "promises to advance the time for trial or shorten the time required for trial." In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y.1998) (quotation omitted). "In simple terms, when deciding whether to allow an interlocutory appeal, the district court should consider the probability that its decision was in error and the time and expense that may be saved by allowing the appeal." In re Sci.-Atlanta, Inc. Sec. Litig., No. CIV.A.1:01-CV-1950RW, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003). Even if these requirements are satisfied, and the District Court issues a certification of interlocutory appeal, the Court of Appeals has discretion to refuse to allow the appeal. 28 U.S.C. § 1292(b).

When entering its January 12, 2016, Order, the Court did not opine that any "controlling question of law as to which there is a substantial ground for difference of opinion" existed. Indeed, this case does not present any such question. Further, allowing an interlocutory appeal would delay instead of advance the ultimate determination of Plaintiff's claims. For all of these reasons, the Court **DENIES** Plaintiff's Motion for a Certificate of Appealability.

**SO ORDERED**, this 24th day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3