# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

NORMAN HAMPTON, III,

    Plaintiff,

v.

MATT PEEPLES,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-104

## **O R D E R**

This matter comes before the Court on Plaintiff's failure to provide the Court with a proper address for service upon Defendant Matt Peeples, the sole remaining Defendant in this case, and Plaintiff's Third Motion for Appointment of Counsel, (doc. 55). For the reasons and in the manner set forth below, the Court **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendant Peeples. The Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## BACKGROUND

Plaintiff filed this action on September 26, 2014, against numerous Defendants contesting the conditions of his confinement at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) In his Complaint, as amended, Plaintiff alleged that Defendant Peeples, who was formerly a counselor at Rogers State Prison, assaulted him and used a racial epithet against him.

On June 8, 2015, the Court conducted the requisite frivolity review of Plaintiff's Complaint, as amended. (Doc. 19.) Therein, I concluded that Plaintiff set forth a viable Eighth Amendment claim against Defendant Peeples and ordered the United States Marshal to serve

Plaintiff's Complaint on Defendant Peeples. (Id. at p. 7.) That Order advised Plaintiff that "he is responsible for providing a proper address for Defendant Peeples so that he may be served with this Order and his Complaint. Plaintiff's failure to do so in a timely manner may result in the dismissal of this cause of action." (Id. at p. 8.) However, I recommended that Plaintiff's claims against the other Defendants be dismissed. (Id. at pp. 1–2.) Plaintiff objected to the recommended dismissals, as well as the service of his Complaint on Defendant Peeples because Peeples was no longer employed with the Department of Corrections. (Doc. 23.)

On January 12, 2016, the presiding District Judge, the Honorable J. Randal Hall, issued an Order overruling Plaintiff's Objections and adopting the Report and Recommendation. (Doc. 46.) That Order explained that Defendant Peeples, not the Department of Corrections, was the proper defendant for Plaintiff's claims. (Id. at pp. 4–5.) Judge Hall further noted that efforts to serve Defendant Peeples with the Complaint had been unsuccessful. (Id. at p. 6.) Accordingly, Judge Hall directed Plaintiff to "provide this Court with a proper address for Defendant Peeples so that he can be served with a copy of Plaintiffs Complaint within fourteen days of the date of this Order." (Id.) The Order cautioned Plaintiff that his "failure to do so or to otherwise show good cause as to why he cannot follow this Court's directives shall result in the dismissal of this cause of action." (Id.)

Since the issuance of that Order, Plaintiff has not provided the Court with Defendant Peeples' address for service. Rather, he filed his Third Motion for Appointment of Counsel on February 26, 2016. (Doc. 55.) Therein, Plaintiff states that, as an incarcerated inmate, he cannot obtain an address for Peeples. (Id. at p. 3.) He contends that a Georgia Department of Corrections' Standard Operating Policy prevents inmates from having personal information

2

regarding prison employees. (Id. at p. 2.) He argues that this obstacle to service would be eliminated if the Court appointed an attorney to represent him.

## DISCUSSION

### I. Plaintiff's Failure to Provide a Proper Address for Service on Defendant Peeples

Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service. See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner, proceeding *in forma pauperis* in Section 1983 action, to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (*pro se in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, where an incarcerated plaintiff attempts to obtain a defendant's address for service but is unable to do so, courts can provide additional assistance. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (overturning dismissal for failure to serve where service ineffective at address provide by the attorney general but plaintiff sought to conduct

3

additional discovery); Brooks v. Munoz, No. 10CV0277 JAH(NLS), 2010 WL 2523939, at *1 (S.D. Cal. June 21, 2010) (ordering deputy attorney general assigned to case to provide court with address where defendant could be served).

Here, Plaintiff has not entirely ignored his obligation to provide a current address where Defendant Peeples may be served. He states that, due to security procedures, he cannot obtain the personal address of current and former correctional officers like Defendant Peeples. Given these extenuating circumstances, the Court **ORDERS** the United States Marshal to make a reasonable effort to locate Defendant Matt Peeples and to personally serve him with a copy of Plaintiff's Complaint, (doc. 1), as well as this Order and Documents Numbered 10, 15, 19, and 46. Moreover, the Court finds good cause to extend the time period for service to March 31, 2016. Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure [to timely serve the complaint], the court must extend the time for service for an appropriate period."). By that date, the Marshal shall update the Court on his efforts to serve Defendant Peeples.

The Court expects that the Marshal's efforts to serve Defendant Peeples will include contacting representatives of the Georgia Department of Corrections and/or the Georgia Attorney General's Office to obtain Defendant Peeples' last known address. Accordingly, the Court **ORDERS** those entities to provide the United States Marshal with Defendant Peeples' last known address and any other information they may have regarding Defendant Peeples' whereabouts. Additionally, given the inherent security concerns surrounding Defendant Peeples' personal information, the United States Marshal shall not publicly disclose any information regarding Defendant Peeples' residence or location and shall redact any such information from any materials filed on the docket in this case.

The Court notes that this assistance is an extraordinary remedy employed only due the facts of this case. Such assistance has not been and will not be the regular practice of this Court. Further, Plaintiff is forewarned that he ultimately has the responsibility for serving Peeples, and, if these efforts are unsuccessful, the Court will dismiss this case. See Penton v. Nunez, No. 2:11-CV-0518 GEB KJN, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after unable to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H-08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.")

## II.  Plaintiff's Motion for Appointment of Counsel

Plaintiff requested appointed counsel in this case on two prior occasions. (Docs. 11, 22.) In denying each of those Motions, the Court pointed out that Plaintiff does not have a right to appointed counsel in this civil case and that this case did not present any exceptional circumstances compelling the Court to provide Plaintiff representation. (Docs. 13, 24 (citing Wahl vs. McIver, 773 F.2d 1169 (11th Cir. 1985)).) Plaintiff appealed the most recent denial of counsel to the District Judge. (Doc. 26.)

Judge Hall denied that appeal, affirming that Plaintiff failed to present "exceptional circumstances" warranting the appointment of counsel. (Doc. 29.) That Order reiterated that appointed counsel in a civil case is not a right but "'a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" (Id. at p. 3 (quoting Fowler v. Jones, 899 F.2d at 1096)).) Judge Hall cited a litany of Eleventh Circuit cases holding that prisoners do not receive special consideration in regards to the appointment of counsel notwithstanding the

challenges of litigating a case while incarcerated. (Id. at pp. 5–7.) Additionally, among the arguments that the Court rejected was Plaintiff's contention that he needed counsel because he could not obtain personal information regarding Department of Corrections' employees. (Id. at p. 3.) Moreover, Judge Hall stated that the quality of Plaintiff's pleadings demonstrated that he was capable of representing himself in this case. (Id. at pp. 7–8.)

In his instant Motion for Counsel, Plaintiff reiterates many of the arguments and authorities he cited in his prior Motions on this issue. (Doc. 55.) The Court need not rehash its rejection of those arguments. However, Plaintiff's argument that he needs appointed counsel to serve Defendant Peeples warrants further discussion.

As noted above, the Court ordinarily does not have an obligation to assist Plaintiff in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." Simmons, No. CV408-239, 2009 WL 2914103, at *1. However, in some extraordinary instances, a prisoner's inability to obtain addresses has supported the appointment of counsel. Neal v. Cassiday, 511 F. App'x 865, 866 (11th Cir. 2013) (remanding case with instruction for district court to provide trial counsel to partially blind inmate who had been transferred serval times and noting that, "Due to the prison system's inter–institution communication–prohibition rules, he was unable to find addresses for almost all his witnesses. Locating the witnesses was critical because the case consisted mainly of conflicting testimony[.]"). Nonetheless, in the case at hand, the Court has employed other measures to remedy Plaintiff's inability to locate and serve Defendant Peeples. Accordingly, the Court need not take the even more extraordinary step of providing Plaintiff with appointed counsel.

**CONCLUSION**

For reasons and in the manner set forth above, the Court provides additional assistance to Plaintiff to achieve service in this case. Additionally, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

**SO ORDERED**, this 2nd day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA