IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| NORMAN HAMPTON, III, <br><br> Plaintiff, <br><br> v. <br><br> MATT PEEPLES, <br><br> Defendant. | CIVIL ACTION NO.: 6:14-cv-104 |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of this Court's February 24, 2016 Order denying him leave to appeal *in forma pauperis*. (Doc. 58.) The Court also has before it Plaintiff's Motion for Copies (doc. 60) and his Objections to the Magistrate Judge's March 2, 2016 Order denying his Motion for Appointment of Counsel (doc. 61). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration, **GRANTS** his Motion for Copies, and **OVERRULES** his Objection to the Magistrate Judge's Order.

## BACKGROUND

Plaintiff, who is incarcerated at Macon State Prison in Oglethorpe, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983. Plaintiff contests certain conditions of his confinement during his confinement at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) The Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint on June 8, 2015. (Doc. 19.) In the resulting Report and Recommendation, the Magistrate Judge concluded that Plaintiff stated a viable claim for relief against Defendant Matt Peeples, a former correctional officer at Rogers State Prison. (Id. at p. 7.) However, the Magistrate Judge

recommended that the Court dismiss Plaintiff's claims against all other Defendants. (Id. at pp. 4–7.) The Court adopted the Magistrate Judge's Report and Recommendation, over the Objections of Plaintiff. (Doc. 46.) On January 25, 2016, Plaintiff filed a Notice of Appeal seeking to appeal the Court's adoption Order. (Doc. 47.) He also filed a Motion for Leave to Appeal *in Forma Pauperis*, (doc. 48), and a Motion for Certificate of Appealability, (doc. 49). On February 24, 2016, the Court denied those Motions. (Doc. 54.) In his current Motion for Reconsideration, Plaintiff asks the Court to reconsider that Order. (Doc. 58.)

Plaintiff has also filed several pleadings requesting that the Court appoint him counsel in this case. The Magistrate Judge denied Plaintiff's first such request on December 23, 2014. (Doc. 13.) The Magistrate Judge denied Plaintiff's second request on June 18, 2015. (Doc. 24.) Plaintiff filed an Objection to that Order, (doc. 26), which the undersigned overruled, (doc. 29). Plaintiff then filed a Notice of Appeal regarding the denial of his request for counsel. (Doc. 30.) The Eleventh Circuit Court of Appeals dismissed that appeal for lack of jurisdiction. (Doc. 38.) On March 2, 2016, the Magistrate Judge denied Plaintiff's third request for appointment of counsel. (Doc. 57, pp. 5–7.) In that Order, the Magistrate Judge also directed the United States Marshal to make additional efforts to locate and serve Defendant Peeples with this lawsuit. (Id. at pp. 3–5.) Plaintiff takes issue with that Order through his current Objection. (Doc. 61.)

Plaintiff has also moved for the Court to provide him copies of twenty-five pleadings in this case. (Doc. 58.) Plaintiff agrees to pay fifty cents ($.50) per page for these copies and for such funds to be deducted from his inmate trust account.

2

## DISCUSSION

### I. Plaintiff's Motion for Reconsideration

Rule 60(b) provides that a Court may relieve a party from judgment, order, or proceeding in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)–(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from a judgment, order, or proceeding based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim–Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citation omitted). "In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Whitesell Corp. v. Electolux Home Prods., Inc., No. CV 103-050, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010). Motions for reconsideration "should not be used to relitigate issues which have already been found lacking." Id.

Plaintiff's Motion for Reconsideration fails on the merits, because it does not meet any of the grounds for relief set forth in Rule 60. Plaintiff requests that the Court reconsider the undersigned's February 24, 2016, Order denying Plaintiff leave to appeal *in forma pauperis* and denying his Motion for a Certificate of Appealability. (Doc. 54.) In rendering those decisions, the Court laid out the pertinent legal standards for the relief Plaintiff requested and explained why Plaintiff did not meet those standards. Id. Plaintiff's current Motion for Reconsideration entirely ignores the Court's analysis. Rather, Plaintiff contends that the undersigned and the Magistrate Judge are "attempting to 'corruptly' diabolically dismantle and sabotage" Plaintiff's

3

lawsuit. (Doc. 58, p. 3.) Plaintiff has proffered no legitimate reason for this Court to disturb its prior rulings. Consequently, the Court **DENIES** his Motion for Reconsideration.

II. **Plaintiff's Objection to the Magistrate Judge's Order**

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). "A decision by the magistrate judge is contrary to law where it fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-L39, 2013 WL 3963989, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

In his Objection to the Magistrate Judge's March 2, 2016 Order, Plaintiff takes issue with the denial of Plaintiff's Third Motion for Appointment of Counsel. (Doc. 61, p. 2.) This Court has consistently explained that Plaintiff has no constitutional right to counsel in this civil action and that this case does not present extraordinary circumstances warranting the appointment of counsel. (Docs. 13, 24, 29, 57.) Indeed, the undersigned analyzed whether Plaintiff needed counsel at length when affirming the denial of Plaintiff's Second Motion for Appointment of Counsel. (Doc. 29.) In his instant Objections, Plaintiff raises the same unavailing arguments (albeit with more fervor) that this Court already rejected.

4

Plaintiff also argues that the Magistrate Judge directed the State of Georgia's Attorney General's Office to act on Plaintiff's behalf. (Doc. 61, pp. 1, 2–3.) Plaintiff misapprehends the Magistrate Judge's Order. The Magistrate Judge ordered the United States Marshal to take additional efforts to locate Defendant Peeples in order to serve Peeples with Plaintiff's Complaint. (Doc. 57, pp. 3–4.) To that end, the Magistrate Judge stated that the Marshal's efforts would include contacting representatives of the Georgia Department of Corrections and/or the Georgia Attorney General's Office to obtain Defendant Peeples' last known address. (Id. at p. 4.) Consequently, the Court ordered those entities to provide the information requested by the Marshal. Id. Ordering the State of Georgia to provide information is quite different from directing the State to advocate for Plaintiff or act on his behalf. Moreover, rather than prejudice Plaintiff, these measures are designed to prevent his lawsuit from being dismissed. As the Magistrate Judge pointed out, the ultimate responsibility for serving Defendant Peeples rests on Plaintiff's shoulder, and if Defendant Peeples cannot be served, the Court will have no option but to dismiss this case. (Doc. 57, p. 5.)

For all of these reasons, the Court **OVERRULES** Plaintiff's Objections and **AFFIRMS** the Magistrate Judge's Order.

## III. Plaintiff's Motion for Copies

Plaintiff requests copies of twenty-five pleadings in this case. (Doc. 58.) He agrees to pay fifty cents ($.50) per page for these copies and for such funds to be deducted from his inmate trust account. Id. The Court **GRANTS** Plaintiff's Motion for Copies. As Plaintiff has previously consented to the collection of fees in this case, (doc. 4), any costs associated with his request for copies will be deducted from his prison trust account. The Clerk of Court is

5

AUTHORIZED AND DIRECTED to obtain prepayment of the fees for the requested copies from Plaintiff's prison trust fund account and to then provide the requested pleadings to Plaintiff.

Additionally, Plaintiff is advised that should he request copies of pleadings or the docket sheet in the future, the Court will presume that he is agreeing to pay fifty cents ($0.50) per page for any copies that he is requesting. In other words, by requesting any copies, unless Plaintiff otherwise states, Plaintiff agrees to pay fifty cents ($.50) per page for his requested copies. In the future, Plaintiff does not need to file a motion for copies, as he may obtain copies of pleadings, on the above described terms, by making such a request directly to the Clerk of Court. As to any future requests, the Clerk of Court is hereby AUTHORIZED and DIRECTED to provide Plaintiff with any documents he requests at the cost of fifty cents ($.50) per page and to obtain prepayment of those fees from Plaintiff's prison trust account.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Reconsider the Court's February 24, 2016 Order. That Order remains the Order of the Court. Additionally, the Court **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the Magistrate Judge's March 2, 2016 Order. The Court **GRANTS** Plaintiff's Motion for Copies in the manner set forth above.

**SO ORDERED**, this ___ day of April, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA