# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

NORMAN HAMPTON, III,

    Plaintiff,

v.

MATT PEEPLES,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-104

## **O R D E R**

This matter is once again before the Court on numerous motions filed by Plaintiff. For the reasons and in the manner set forth below, the Court:

- **DENIES** Plaintiff's Motion for Subpoena, (doc. 67), and his Motions for Production of Official Files of the Georgia Department of Corrections, (docs. 79, 81);

- **DENIES** Plaintiff's Motion for Expert Medical Examiner and Witness Testimony, (doc. 68), and his Motion for Expert Medical Examination by a Licensed Chiropractor, (doc. 74);

- **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Extension of Time to File Expert Witness Report, (doc. 71);

- **GRANTS** Plaintiff's Motion to Correct Spelling Error, (doc. 73); and

- **DENIES** Plaintiff's Motions for Appointment of Counsel, (docs. 78, 86).

## BACKGROUND

Plaintiff, who is incarcerated at Macon State Prison in Oglethorpe, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983. Plaintiff contests certain conditions of his past

confinement at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) I conducted the requisite frivolity review of Plaintiff's Complaint on June 8, 2015. (Doc. 19.) In the resulting Report and Recommendation, I concluded that Plaintiff stated a viable claim for relief against Defendant Matt Peeples, a former correctional officer at Rogers State Prison. (Id. at p. 7.) Specifically, Plaintiff plausibly alleged that Defendant Peeples used excessive force against Plaintiff. Id. However, I recommended that the Court dismiss Plaintiff's claims against all other Defendants. (Id. at pp. 4–7.) The Court adopted the Report and Recommendation, over the Objections of Plaintiff. (Doc. 46.)

After much effort to locate Defendant Peeples, the United States Marshal served him with the Complaint on March 14, 2016. (Doc. 62.) Discovery in this case is due to expire on August 17, 2016. (Doc. 64.) Plaintiff has filed numerous Motions throughout this case, the overwhelming majority of which the Court has denied. True to form, Plaintiff has recently filed nine additional motions, which the Court discusses below.

## DISCUSSION

**I. Plaintiff's Motion for Subpoena, (doc. 67), and Motions for Production, (docs. 79, 81).**

In his Motion for Subpoena, (doc. 67), Plaintiff seeks documents relating to Defendant Peeples' use of force, including the use of force report, the incident report, and witness statements. (Doc. 67, p. 3.) Similarly, in his Motion for Production, Plaintiff requests the production of his medical records, (doc. 79, p. 2), as well as documents pertaining to Defendant Peeples' termination and Plaintiff's transfer to another facility, (doc. 81, p. 2). In response to the Motion for Subpoena and the Motions for Production, Defendant states that he will construe the Motions as discovery requests and that he will produce the requested documents. (Docs. 69, 80, 82.)

As the Court explained to Plaintiff in its June 8, 2015, Order, he may use the traditional methods of discovery to obtain facts and information from Defendant. (Doc. 19, p. 10.) Moreover, the Court cautioned Plaintiff that "[d]iscovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial." (Id. (emphasis in original) (citing Local Rule 26.4).) Thus, Plaintiff should attempt to obtain documents within Defendant's possession, custody, or control by first requesting those documents from Defendant, through his counsel, pursuant to Federal Rule of Civil Procedure 34.[1] If Defendant fails to respond or refuses to produce the documents, Plaintiff must then make a good faith effort to resolve that dispute with Defendant's counsel. Fed. R. Civ. P. 26(c) & 37(a)(2)(A); Local Rule 26.7. Plaintiff should come to the Court for assistance only if his effort at resolution is unsuccessful. Here, it does not appear that Plaintiff made any effort to obtain these documents from Defendant or to resolve any dispute regarding these documents with Defendant's counsel. Additionally, Defendant's counsel has indicated that he will provide the documents that Plaintiff has requested. Accordingly, there is no need for the Court to intervene or to issue subpoenas. Therefore, the Court **DENIES** Plaintiff's Motions for Subpoena and Motions for Production.

## II. Motion for Expert Medical Examiner and Witness Testimony, (doc. 68), and Motion for Expert Medical Examination, (doc. 74).

In his Motion for Expert Medical Examiner and Witness Testimony, Plaintiff requests that the Court allow him to be examined by a licensed chiropractor of Plaintiff's choice. (Doc. 68.) He states that he is "entitled" to present such evidence at trial pursuant to Federal

---

[1] Federal Rule of Civil Procedure 34 only pertains to requests issued to parties. If Plaintiff seeks documents from a nonparty, he may request a subpoena pursuant to Federal Rule of Civil Procedure 45. Here, because Defendant's counsel has indicated he will provide the documents, the Court need not issue a subpoena.

Rule of Evidence 702. Id. In his Motion for Medical Examination, Plaintiff once again requests that the Court permit him to be examined by a chiropractor. (Doc. 74.) He cites Federal Rule of Civil Procedure 35 in support of that request. Id.

Rule 35(a)(1) provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." However, "Rule 35 . . . does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003). "Rather, under appropriate circumstances, it [allows] the court to order a party to submit to a physical examination at the request of an opposing party." Id. Plaintiff essentially seeks to use Rule 35 "to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf[.]" Id. "[N]o civil litigant, even an indigent one, has a legal right to such aid." Id.; see also Spore v. Rogers, No. 5:14-CV-0252-CAR-MSH, 2015 WL 5046582, at *3 (M.D. Ga. Aug. 26, 2015) (denying prisoner's request for Rule 35 examination). Walker v. Fed. Bureau of Prisons, No. 1:11-CV-01317-JHH, 2012 WL 4711898, at *2 (N.D. Ala. Sept. 27, 2012) ("Rule 35 does not authorize the court to appoint an expert to examine a party requesting an examination of himself.") (citing Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997)).[2]

---

[2] Moreover, the Court may only order a Rule 35 exam "on motion for good cause[.]" Fed. R. Civ. P. 35(a)(2)(A). "[G]ood cause for an examination exists when a person's physical or mental state cannot be evidenced without the assistance of expert medical testimony based on an examination." Romano v. Interstate Express, Inc., No. 4:08-cv-121, 2009 WL 211142, at *1 (S.D. Ga. Jan. 28, 2009) (alteration in original). Rule 35's good cause requirement is "not met by mere conclusory allegations of the pleadings—nor by mere relevance to the cause—but require[s] an affirmative showing by the movant . . . that good cause exists to order [the] examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). This is because "[t]he specific requirement of good cause would be meaningless if [it] could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)." Id. Even if the Court had authority to grant Plaintiff's request for his own examination under Rule 35, Plaintiff has not established good cause for such an examination.

4

Though Plaintiff did not cite Federal Rule of Evidence 706, the Court will also assess his requests for an examination and appointment of an expert under that rule. Federal Rule of Evidence 706 "provides the court with discretionary power to appoint an expert witness either on the court's own motion or the motion of a party." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996) (determining that the district court, by failing to give an explanation for its denial of indigent plaintiff's motion to appoint an expert witness, had failed to exercise informed discretion, and requiring, on remand, the district court to reconsider the motion and exercise its discretion in accordance with Rule 706). Moreover, this authority is not limited to criminal cases. Gillentine v. Corr. Med. Servs., 556 F. App'x 845, 846 (11th Cir. 2014).

In Steele, a case where a prisoner alleged that prison officials failed to provide adequate psychiatric care, the Eleventh Circuit held that the nature of the Plaintiff's claim "warrants consideration of the possible need in order to insure a just resolution of the claim." 87 F.3d at 1271. The Court of Appeals also explained that expert testimony regarding the standard of care would be important to the finder of fact and that, given the plaintiff's indigent status, a court-appointed expert may be necessary to "avoid a wholly one-sided presentation of opinions on the issue." Id.

Traditionally, courts have viewed Rule 706 as only allowing the appointment of an expert to assist the court, not a particular party. See Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008) (finding no error in district court's refusal to appoint a Rule 706 expert because "Rule 706 contemplates the appointment of an expert to aid the court. . . . Hannah seeks an expert for his own benefit."). However, precedent of the Eleventh Circuit Court of Appeals indicates "that district courts have 'authority' under Rule 706 to appoint expert witnesses to act in a purely partisan fashion, that is, 'to assist' a party in presenting his case, rather than simply as

5

a neutral expert to assist the court. Such authority exists to 'avoid a wholly one-sided presentation of opinions' in the case." Gillentine, No. 5:11-CV-2694-RDP-TMP, 2014 WL 5795553, at *2 (citing Steele, 87 F.3d at 1271), and Robinson v. United States, 462 F. App'x 885, 887 (11th Cir. 2012)).

While the Court's authority to appoint an expert is settled, its discretion to apportion fees to only one party is less settled. The Court has no fund or account from which to pay appointed experts in civil cases. However, Rule 706 provides that an expert is "entitled to a reasonable compensation" and that, in a civil case, the compensation shall be paid by the parties in the proportion and at the time the Court directs. In Gillentine, the Eleventh Circuit declined to address "the question of 'whether, or under what circumstances' a district court may apportion all of the costs of a court-appointed expert to the non-indigent parties in a lawsuit" and explained that it had not addressed the question previously. 556 F. App'x at 846–47 (citing Young v. City of Augusta, Ga., 59 F.3d 1160, 1170 (11th Cir. 1995)). Other courts, including this Court, have found that Rule 706 allows for such one-sided apportionment. See, e.g., Ledford v. Sullivan, 105 F.3d 354, 361 (7th Cir. 1997) ("In this case, when the district court stated that no funds existed to pay for the appointment of an expert, it failed to recognize that it had the discretion to apportion all the costs to one side."); McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds*, 502 U.S. 903 (1991) (finding that the phrase "such proportion as the court directs," in an appropriate case, permits the district court to apportion all costs to one side); Webster v. Sowders, 846 F.2d 1032, 1038–39 (6th Cir. 1988) ("A District Court has authority to apportion costs under this rule [706(b)], including excusing impecunious parties from their share."); Mitchell v. Williams, No. 6:15-CV-93, 2016 WL 1637286, at *1 (S.D. Ga. Apr. 25, 2016) (appointing expert and apportioning cost to defendants).

However, regardless of issues regarding the apportionment of costs, Plaintiff has not made a sufficient showing for the Court to appoint a medical expert in this case. Plaintiff has only made conclusory allegations that he needs an examination to establish "Plaintiff's compensatory damages cause[d] by defendant" and to "make diagnosis of injuries sustained." (Doc. 74, p. 2.) He has not provided the Court with any details of his injuries or any information regarding what medical treatment he already received. Moreover, the Court has no information regarding his existing medical records. Thus, the Court cannot assess issues such as whether there is sufficient documentation in Plaintiff's medical records regarding the nature and extent of his injuries. See Gillentine, No. 5:11-CV-2694-RDP-TMP, 2014 WL 5795553, at *4–*5 (on remand, declining to appoint expert to assist indigent prisoner in denial of medical care case where medical records provided sufficient record of plaintiff's condition and history of treatment and monitoring). Moreover, the need for a court-appointed expert is not inherent in Plaintiff's claims. For example, the question of liability in this case does not involve technical issues such as the standard of medical care.

Put succinctly, Plaintiff is not entitled to the appointment of an expert witness in this civil case, and he has not demonstrated the need for the Court take the extraordinary step of appointing a medical expert. Therefore, the Court **DENIES** Plaintiff's Motion for Expert Medical Examiner and Witness Testimony, (doc. 68), and his Motion for Expert Medical Examination, (doc. 74).

### III.     Motion for Extension of Time to File Expert Witness Report, (doc. 71)

Plaintiff bases his request for an unlimited extension of time to file expert witness reports, (doc. 71), on his Motion for Expert Medical Examiner and Witness Testimony, (doc. 68). As set forth above, regardless of Plaintiff's financial status, he is not entitled to the

assistance of a court-appointed expert in this case. However, Plaintiff may retain an expert to serve on his behalf at his own expense. The Court understands that Plaintiff will likely not be able to retain an expert due to his indigence. Nonetheless, in an abundance of caution, the Court will provide Plaintiff with additional time to obtain an expert in this case and to name any witness he intends to call as an expert. However, the Court will not provide Plaintiff with an unlimited extension.

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Extension of Time. The Court hereby extends the deadline for Plaintiff to name an expert witness to **June 30, 2016**, and extends the deadline for Defendant to name an expert witness to **July 15, 2016**. All other deadlines remain unchanged and in full force and effect.

### IV. Motion to Correct Spelling Error, (doc. 73)

Plaintiff spelled Defendant's last name as "Peeples" in his Complaint and initial filings. In his Motion to Correct Spelling Error, Plaintiff explains that he has recently learned that the Defendant's last name is spelled "Peebles." Thus, he asks the Court to correct Defendant's name on the caption of this case. (Doc. 73.) Defendant has not responded to this Motion. However, Defendant's counsel previously acknowledged that the correct spelling of Defendant's last name is "Peebles." (Doc. 69, p. 1 n. 1.) Accordingly, the Clerk of the Court is hereby **DIRECTED** to change Defendant's name on the docket of this case to "Matt Peebles."

### V. Motions to Appoint Counsel, (docs. 78, 86)

Plaintiff has repeatedly and unsuccessfully sought the appointment of counsel in this case. (Docs. 11, 22, 55.)[3] District Judge J. Randall Hall, Magistrate Judge James E. Graham,

---

[3] Though Plaintiff labels his instant requests as his "5th Request Motion for Appointment of Counsel" and "6th Request Motion for Appointment of Counsel under Exceptional Circumstances", it appears he has "only" filed a total of five motions. Nonetheless, through his motions, objections, and attempts at

8

and I have consistently rejected his requests. (Docs. 13, 24, 29, 56, 72.) The Court has explained to Plaintiff that he has no constitutional right to the appointment of counsel and that his case and surrounding circumstances (including his incarcerated status) do not present exceptional circumstances warranting appointed counsel. Id. In his most recent Motions, Plaintiff states that he needs counsel because he is not trained in presenting evidence and cross-examining witnesses or selecting a jury. (Doc. 78, pp. 1–2; doc. 86, pp. 1–2.) He states that his case will hinge largely on the "testimony of eye witnesses and expert testimony." (Id. at p. 2.) Contrary to Plaintiff's characterization, there is nothing "exceptional" about a case involving eye witness testimony, expert witnesses, and jury selection. Moreover, through his numerous pleadings, Plaintiff continues to demonstrate the ability to represent himself and to bring the Court's attention to the significant (as well as insignificant) aspects of this case. For these reasons, as well as those already stated by the Court on numerous occasions, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion for Subpoena, (doc. 67), and his Motions for Production of Official Files of the Georgia Department of Corrections, (docs. 79 and 81); **DENIES** Plaintiff's Motion for Expert Medical Examiner and Witness Testimony, (doc. 68), and his Motion for Expert Medical Examination by a Licensed Chiropractor, (doc. 74); **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Extension of Time to file Expert Witness

---

interlocutory appeal on the issue, he has advanced his request for counsel to the point of nuisance and frivolity.

Report, (doc. 71); **GRANTS** Plaintiff's Motion to Correct Spelling Error, (doc. 73); and **DENIES** Plaintiff's Motions for Appointment of Counsel, (docs. 78, 86).

**SO ORDERED**, this 9th day of June, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA