# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

NORMAN HAMPTON, III,

    Plaintiff,

v.

MATT PEEBLES,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-104

## **O R D E R**

This matter is yet again before the Court on numerous motions filed by Plaintiff. For the reasons and in the manner set forth below, the Court:

- **DENIES** Plaintiff's Motion for Opinion and Expert Testimony, (doc. 89), and his Motion to Appoint Expert Witness, (doc. 96);

- **GRANTS** Defendant's Motion for Extension of Time to Disclose Experts, (doc. 92);

- **DENIES** Plaintiff's Motion to Compel Discovery, (doc. 93);

- **DENIES** Plaintiff's Motion for Copies of All Expert Depositions of the Defendant's Expert Witnesses, (doc. 99); and

- **DENIES** Plaintiff's Motion for Appointment of Counsel, (doc. 98).

## BACKGROUND

Plaintiff, who is incarcerated at Macon State Prison in Oglethorpe, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983. Plaintiff contests certain conditions of his past confinement at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) I conducted the requisite frivolity review of Plaintiff's Complaint on June 8, 2015. (Doc. 19.) In the resulting Report and

Recommendation, I concluded that Plaintiff stated a viable claim for relief against Defendant Matt Peebles, a former employee at Rogers State Prison. (Id. at p. 7.) Specifically, Plaintiff plausibly alleged that Defendant Peeples used excessive force against Plaintiff. Id. However, I recommended that the Court dismiss Plaintiff's claims against all other Defendants. (Id. at pp. 4–7.) The Court adopted the Report and Recommendation, over the Objections of Plaintiff. (Doc. 46.)

After much effort to locate Defendant Peebles, the United States Marshal served him with the Complaint on March 14, 2016. (Doc. 62.) Discovery in this case is due to expire on August 17, 2016. (Doc. 64.) On March 30, 2016, the Court instructed the parties that Plaintiff's "Expert Witness Report" was due by May 29, 2016 and Defendant's "Expert Witness Report" was due by June 28, 2016. (Doc. 64.) The Court granted Plaintiff an extension of his expert report disclosure deadline to June 30, 2016, with the Defendant's identification of experts extended to July 15, 2016. (Doc. 87). All other deadlines remained the same. Id.

Plaintiff has filed numerous Motions throughout this case, the overwhelming majority of which the Court has denied. Plaintiff has once again filed more motions, which the Court discusses below.

## DISCUSSION

**I. Plaintiff's Motion for Opinion and Expert Testimony, (Doc. 89), Plaintiff's Motion to Appoint Expert Witness, (Doc. 96), and Defendant's Motion for Extension of Time, (Doc. 92).**

The Court denied Plaintiff's previous Motions for Expert Medical Examiner and for Expert Medical Examination on June 9, 2016. (Doc. 87, pp. 3–87.) Therein, the Court explained that Plaintiff is not entitled to the appointment of an expert in this civil case. Id. Moreover, the Court detailed that Federal Rule of Civil Procedure 35 does not provide grounds for the Court to

appoint an expert to examine Plaintiff at Plaintiff' request. (Id. at p.4.) Additionally, the Court analyzed Plaintiff's request under Federal Rule of Evidence 706. (Id. at pp. 5–7.) The Court held that while Rule 706 provides the Court with authority to appoint an expert, Plaintiff has not made a sufficient showing for the Court to appoint a medical expert in this case. Id. However, the Court explained that Plaintiff many retain an expert to serve on his behalf at his own expense. Thus, the Court extended Plaintiff's deadline to name an expert witness to June 30, 2016. (Id. at pp. 6–7.)

In his recent Motion for Expert Testimony filed on June 23, 2016, Plaintiff requests that the Court subpoena certain witnesses including Dr. Landin Morzolf, a chiropractor. (Doc. 89.) Plaintiff does not, however, provide any report of this expert or any other information regarding the substance or basis of any anticipated expert opinion to be provided on his behalf. Id. Plaintiff also identifies three counselors at Rogers State Prison and a correctional officer, again providing no report or information regarding any substance or basis of any expert opinions that he anticipates they will provide on his behalf. Id. Plaintiff also filed a second disclosure wherein he again identifies the same three counselors and a correctional officer as expert witnesses. (Doc. 91.) However, he provides no report or any other information regarding their opinions. Id.

On July 1, 2016, Defendant responded to Plaintiff's Motion for Expert Testimony and disclosures. (Doc. 92.) Therein, Defendant contended that Plaintiff's identification of Dr. Morzolf and the Rogers State Prison employees failed to comply with Federal Rule of Civil Procedure 26(a)(2). Specifically, Defendant argued that he "does not even know whether these individuals have been retained by Plaintiff to provide expert testimony, what the subject matter of the testimony will be, or any of the underlying facts and opinions about which these experts

will testify." (Id. at p. 4.) Thus, Defendant moves that the Court instruct Plaintiff to provide expert reports or other required information for each expert witness he may call to testify. (Id. at p. 4.) In the alternative, Defendant requests that the Court strike Plaintiff's disclosures. Id.

Then, on July 28, 2016, Plaintiff filed his Motion to Appoint Expert Witness. (Doc. 96.) Therein, he requests, pursuant to Federal Rule of Civil Procedure 706, that the Court appoint a neutral expert witness to assist the Court in the resolution of this case. Id. Plaintiff points out that Defendant has named "State of Georgia employed-contract medical professionals" to serve as expert witnesses on Defendant's behalf. (Id. at p. 2.) Thus, Plaintiff states that appointing a chiropractor to serve as a witness is necessary to avoid a one-sided presentation of opinions.

It is not clear what relief Plaintiff requests from the Court with his Motion for Expert Testimony filed on June 23, 2016. (Doc. 89.) Plaintiff asks that the Court subpoena the individuals identified in that Motion to any trial, deposition, or hearing in this case. However, this case is not currently scheduled for trial. Moreover, even if the case was scheduled for trial, Plaintiff fails to explain why these individuals should be subpoenaed to attend. Thus, the Court **DENIES** Plaintiff's Motion for Expert Testimony, (doc. 89). Should this case be scheduled for trial or a hearing where Plaintiff anticipates needing the testimony of these witnesses, he may move for them to be subpoenaed, and the Court will assess the merits of that request at that time.

Moreover, Plaintiff's July 28, 2016 Motion to Appoint Expert Witness, (doc. 96), fails to establish grounds for a court appointed expert in this case. The Court laid out the law regarding the appointment of experts at length in its June 9, 2016 Order. (Doc. 87, pp. 3–87.) The Court need not rehash that analysis herein. Plaintiff has not pointed to any new facts or other changes that warrant the appointment of an expert. He contends that the presentation of testimony will be one-sided because of Defendant's designation of experts. However, as Defendant points out, his

4

identified witnesses are not experts that Defendant retained to testify in this case. Rather, these witnesses are medical providers that have treated Plaintiff at various facilities. Furthermore, this lawsuit does not involve claims of negligent or deliberately indifferent medical care. For all of these reasons, the Court **DENIES** Plaintiff's Motion to Appoint an Expert Witness, (doc. 96).

Additionally, as Defendant points out in his Motion for Extension of Time, (doc. 92), Plaintiff's Motion for Opinion and Expert Testimony, (doc. 89), and his Response to Order, (doc. 91), do not comply with Federal Rule of Civil Procedure 26(a)(2). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case. . . ." Fed. R. Civ. P. 26(a)(2)(B). The expert report is required to contain certain information, including (a) a statement of all opinions and the basis and reasons for them, (b) the facts considered by the witness in forming the opinions, (c) exhibits that will be used to summarize or support the opinions, (d) the witness's qualifications, including authored publications from 10 years' prior, (e) a list of other cases in which the witness has testified for 4 years' prior, and (f) the compensation to be paid for the study and testimony in this case. Id. Even where a witness is not required to provide a written report, the expert disclosure still must state, (a) the subject matter on which the witness is expected to present testimony, and (b) a summary of the facts and opinions about which the witness is expected to testify. Fed. R. Civ P. 26(a)(2)(C).

It is not clear from Plaintiff's disclosures to date whether he has retained any expert witness; much less what he anticipates the witnesses he has identified will testify about. Furthermore, the already-extended deadline for Plaintiff to comply with Rule 26 has now passed. However, in an abundance of caution, the Court will provide Plaintiff one more opportunity to

provide expert disclosures in this case. Thus, the Court **GRANTS** Defendants' request that Plaintiff be instructed to provide proper expert disclosures. (Doc. 92, pp. 4–5.) The Court **DIRECTS** Plaintiff to provide Defendant any and all expert reports and disclosures required by Federal Rule of Civil Procedure 26(a)(2) on or before **September 9, 2016**. If Plaintiff does not provide a proper disclosure for an expert witness on or before that date, then Plaintiff will not be permitted to elicit expert testimony or opinions from that witness at any trial, hearing, or other proceeding in this case.

Given that the Court has provided additional time for Plaintiff to provide expert reports, the Court **GRANTS** Defendant's Motion for Extension of Time. Defendant shall provide any and all expert reports and disclosures required by Federal Rule of Civil Procedure 26(a)(2) on or before **September 30, 2016**. Additionally, the Court extends the deadlines for the parties to file motions. The parties shall file any partially or wholly dispositive motions, any *Daubert* motions, and any other motions to exclude expert testimony on or before **October 15, 2016**. All other deadlines remain in full force and effect.[1]

## II. Motion to Compel, (Doc. 93), and Motion for Copies of Expert Depositions of the Defendant's Witnesses, (Doc. 99).

This Court has previously denied Plaintiff's Motions seeking the production of documents. (Doc. 87, pp. 2–3.) In its Orders, the Court has repeatedly advised Plaintiff that he must use the traditional methods of discovery to obtain facts and information from Defendant without court intervention. (Id; Doc. 19, p. 10.) Moreover, the Court has explained that Plaintiff should not file discovery materials with the Court and that Plaintiff must attempt to resolve any discovery dispute with Defendant's counsel before coming to the Court. Id. Heedless of this

---

[1] Specifically, the discovery deadline of August 17, 2016 remains in full force an effect. Should the parties' expert disclosures reveal the need for additional time to conduct limited discovery, the Court will entertain a motion to that end.

advice, Plaintiff has once again moved the Court for production of documents without first issuing a proper discovery request to Defendant or contacting Defendant's counsel to resolve the discovery dispute. (Doc. 93.) Further, as Defendant points out in his response, counsel has provided or will provide all of the documents Plaintiff requests. (Doc. 95.) Plaintiff also attempts to file another Motion to Compel under the guise of a Motion for Copies. (Doc. 99.) However, Plaintiff requests documents (i.e. Defendant's expert witness reports and disclosures) that Defendant is now not required to produce to Plaintiff until September 30, 2016. Plaintiff's filing makes it even clearer that Plaintiff is not even attempting to issue proper discovery requests to Defendants first or contact Defendant's counsel to resolve the discovery dispute. For all of these reasons, the Court **DENIES** both Plaintiff's Motion to Compel, (doc. 93), and Plaintiff's Motion for Copies, (doc. 99).

However, the Court finds that all pages of Defendant Peebles' Separation Notice should be provided to Plaintiff. Originally, Defendant produced to Plaintiff a copy of Page 2 of this three-page document which he received from the Georgia Department of Corrections ("GDC"). However, defense counsel then reviewed additional GDC records and located the other two pages of this document (Pages 1 and 3). Defendant stated that he intends to produce one of these additional pages (Page 3) but asks to not produce the other page (Page 1) because it contains personal identifying information regarding Defendant. Rather than withhold Page 1 from production, the court **DIRECTS** Defendant to provide Page 1 to Plaintiff after first redacting information that is both irrelevant and confidential. For instance, Defendant may redact his employee identification number, his personal identifying information, his pay grade and other salary information, and any contact information such as his phone number or address.

### III. Motion to Appoint Counsel (Doc. 98)

Plaintiff has repeatedly and unsuccessfully sought the appointment of counsel in this case. (Docs. 11, 22, 55, 78, 86.) District Judge J. Randall Hall, Magistrate Judge James E. Graham, and I have consistently rejected his requests. (Docs. 13, 24, 29, 56, 72, 87.) The Court has explained to Plaintiff that he has no constitutional right to the appointment of counsel and that his case and surrounding circumstances (including his incarcerated status) do not present exceptional circumstances warranting appointed counsel. Id. Plaintiff's instant Motion for Appointment of counsel simply reiterates his prior arguments which the Court has already rejected. For these reasons, as well as those already stated by the Court on numerous occasions, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

### CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion for Opinion and Expert Testimony, (doc. 89), and his Motion to Appoint Expert Witness, (doc. 96); **GRANTS** Defendant's Motion for Extension of Time to Disclose Experts, (doc. 92); **DENIES** Plaintiff's Motion to Compel Discovery, (doc. 93), and his Motion for Copies, (doc. 99); and **DENIES** Plaintiff's Motion for Appointment of Counsel, (doc. 98).

**SO ORDERED**, this 17th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA