IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| NORMAN HAMPTON, III, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-104 |
| v. | |
| MATT PEEBLES, | |
| Defendant. | |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's June 9, 2016 Order. (Doc. 87.) For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections.

Plaintiff, who is incarcerated at Macon State Prison in Oglethorpe, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983. Plaintiff contests certain conditions of his past confinement at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) The Magistrate Judge's June 9, 2016 Order denied several Motions filed by Plaintiff while granting others. (Doc. 87.) The Magistrate Judge denied Plaintiff's Motion for Subpoena, (doc. 67), and his Motions for Production of Official Files of the Georgia Department of Corrections, (docs. 79, 81). The Magistrate Judge also denied Plaintiff's Motion for Expert Medical Examiner and Witness Testimony, (doc. 68), and his Motion for Expert Medical Examination by a Licensed Chiropractor, (doc. 74), as well as Plaintiff's Fourth and Fifth Motions for Appointment of Counsel (docs. 78, 86.) Plaintiff objects to each of these denials.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge

may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). "A decision by the magistrate judge is contrary to law where it fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-L39, 2013 WL 3963989, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

Having reviewed Plaintiff's Objections, the Court does not find that the Magistrate Judge's Order was clearly erroneous or contrary to law. Rather, through his Objections, Plaintiff continues to advance meritless arguments, all of which this Court has already rejected. For instance, Plaintiff continues to request that this Court appoint him counsel. However, as the undersigned stated on March 26, 2016, "this Court has consistently explained that Plaintiff has no constitutional right to counsel in this civil action and that this case does not present extraordinary circumstances warranting the appointment of counsel. Indeed, the undersigned analyzed whether Plaintiff needed counsel at length when affirming the denial of Plaintiff's Second Motion for Appointment of Counsel." (Doc. 72, p. 4 (internal citations omitted).) Plaintiff's instant Objections provide no reason for the Court to disturb its numerous denials of appointment of counsel.

Likewise, the Court concurs with the Magistrate Judge's analysis of the remainder of Plaintiff's Motions. The Court need not rehash that analysis. However, the Court specifically

addresses Plaintiff's statement regarding the filing of discovery materials on the Court's docket. The Magistrate Judge explained "'[d]iscovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.'" (Doc. 87, p. 3 (emphasis in original) (quoting doc. 19, p. 10 (citing Local Rule 26.4)).) In his Objections, Plaintiff states that it is "the norms of prison pro-se litigation to serve the Court and the defendant(s) or the defendant(s) attorney's [sic]" with discovery materials. Plaintiff is mistaken. As the Court has now repeatedly explained to Plaintiff, under this Court's local rules, he shall not file discovery requests on the Court's docket. Rather, Plaintiff should use the traditional methods of discovery to obtain facts and information from Defendant, and he should send his requests to Defendant's counsel. If Defendant does not provide the requested information, Plaintiff must then make a good faith effort to resolve that dispute with Defendant's counsel. Fed. R. Civ. P. 26(c) & 37(a)(2)(A); Local Rule 26.7. The Court once again reminds Plaintiff that he should come to the Court for assistance with discovery only if his efforts at resolution with Defendant's counsel are unsuccessful.

For all of the foregoing reasons and those stated in the Court's prior Orders, the Court **DENIES** Plaintiff's Objections.

**SO ORDERED**, this 24th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3