IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NORMAN HAMPTON, III,

    Plaintiff,

v.

MATT PEEBLES,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-104

## ORDER

Before the Court are Plaintiff's Amended Objections to the Magistrate Judge's August 17, 2016 Order. (Doc. 105). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections. The Magistrate Judge's Order remains the Order of the Court.

Plaintiff, who is incarcerated at Macon State Prison in Oglethorpe, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983. Plaintiff contests certain conditions of his past confinement at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) The Magistrate Judge's August 17, 2016, Order denied all Motions filed by Plaintiff while granting one Motion filed by Defendant. (Doc. 100.) The Magistrate Judge denied Plaintiff's Motion for Opinion and Expert Testimony, (doc. 89), and his Motion to Appoint Expert Witness, (doc. 96). The Magistrate Judge also denied Plaintiff's Motion to Compel Discovery, (doc. 93), and his Motion for Copies of All Expert Depositions of the Defendant's Expert Witnesses, (doc. 99), as well as Plaintiff's Motion for Appointment of Counsel (doc. 98.) Plaintiff objects to each of these denials.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge

may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). "A decision by the magistrate judge is contrary to law where it fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-L39, 2013 WL 3963989, at *3 (S.D. Ga. July 25, 2013) (citation omitted).

Having reviewed Plaintiff's Objections, the Court does not find that the Magistrate Judge's Order was clearly erroneous or contrary to law. Rather, through his Objections, Plaintiff yet again advances meritless arguments, all of which this Court has already rejected. For instance, Plaintiff continues to request that this Court appoint him counsel. However, as the undersigned stated on six separate occasions, most recently in the Order of August 24, 2016, "this Court has consistently explained that Plaintiff has no constitutional right to counsel in this civil action and that this case does not present extraordinary circumstances warranting the appointment of counsel. Indeed, the undersigned analyzed whether Plaintiff needed counsel at length when affirming the denial of Plaintiff's Second Motion for Appointment of Counsel." (Doc. 101, p. 2 (internal citations omitted).) Plaintiff's instant Objections provide no reason for the Court to disturb its numerous denials of appointment of counsel or the other rulings in the Magistrate Judge's Order.

For all of the foregoing reasons and those stated in the Court's prior Orders, the Court **DENIES** Plaintiff's Objections.

**SO ORDERED**, this 26th day of September, 2016.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```